EDMUND STASZ & another *vs.* STANLEY SEKSCIENSKI.

Hampshire.    October 3, 1961. — November 9, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Equity Pleading and Practice,* Appeal.   *Time.*

There was no error in a suit in equity in denial of a motion to dismiss an appeal from the final decree on the ground of late filing where, from the docket and from notations on the appeal and a designation required by the rules to be filed therewith, they could have been found to have been filed on the twentieth day after the decree, despite allegations of a later filing in the motion.

BILL IN EQUITY, filed in the Superior Court on April 28, 1958.

The plaintiffs excepted to the denial by *Hudson,* J., of a motion to dismiss the defendant's appeal from the final decree.

*William H. Welch,* for the plaintiffs, submitted a brief.

No argument nor brief for the defendant.

WILKINS, C.J.  In this bill in equity to determine a boundary line between land of the plaintiffs and land of the defendant, a final decree adverse to the defendant was entered on December 18, 1959.  On December 23, 1959, the defendant's appeal was mailed to the clerk, who received it on the following day.  The defendant filed no designation at that time.  Under Rule 2 (B) of the Rules for the Regulation of Practice before the Full Court, 328 Mass. 693–694, the defendant's designation was required to be filed with the appeal, as there was to be no report of evidence nor a report of material facts.  The docket shows that an appeal and a designation were both filed on January 7, 1960.  The plaintiffs' motion to dismiss the appeal alleges that the designation "was filed January 7, 1960, which was on the twenty-first day following the entry of the final decree."  The plaintiffs may have meant to say that the date of filing was January 8, 1960, which would have been twenty-one days from December 18, 1959, as the motion alleges in another place that the designation was mailed to the clerk on January 7, and the bill of exceptions so states and further recites that the designation was received by the clerk on January 8.  Both the appeal and the designation are stamped as filed on January 7.  In view of the contradictions as to the date of filing and the allegation in the motion that that date was January 7, the judge could have so found.  This would have been within twenty days of the decree as required by G. L. (Ter. Ed.) c. 214, § 19.  Accordingly, there was no error in the denial of the motion to dismiss.

The plaintiffs make some point that the defendant's appeal has not been entered here.  Such a question is not presented.  Stamped as filed January 7, 1960, is the defendant's written order for the preparation of the necessary papers and copies of papers for transmission to this court.  The docket, however, does not show that the clerk submitted an estimate of the cost of printing the record.  See G. L. c. 231, § 135, as amended through St. 1960, c. 171.

*Exceptions overruled.*